UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EDGAR BEREBI a/k/a "EDGAR BERREBBI",
EDGAR BEREBI, INC., and
EDGAR, INC.,
Plaintiffs,

v. C.A. No. 2005-

BONNIE LEMIS, individually and doing business as "PETIT TRESOR",
MARC LEMIS, individually and doing business as "PETIT TRESOR", and
PAR EXCELLENCE SALES CONSULTANTS, INC.,
Defendants.

JURY TRIAL CLAIMED

# COMPLAINT

## PARTIES

1. Plaintiff, EDGAR BEREBI, is an individual who resides in the State of Rhode Island. EDGAR BEREBI is also sometimes known as "EDGAR BERREBBI."

2. Plaintiff, EDGAR BEREBI, INC., is a New York corporation with its offices in Providence, Rhode Island.

3. Plaintiff, EDGAR, INC., is a New York corporation with its offices in Providence, Rhode Island.

4. Defendant, BONNIE LEMIS, is an individual who resides in the State of New Jersey. BONNIE LEMIS has sufficient contacts with this forum to subject her to this court's *in personam* jurisdiction. BONNIE LEMIS does business individually and using the business name "PETIT TRESOR."

5. Defendant, MARC LEMIS, is an individual who resides in the State of New Jersey. MARC LEMIS has sufficient contacts with this forum to subject him to this court's *in personam* jurisdiction. MARC

LEMIS does business individually and using the business name "PETIT TRESOR."

6. Defendant, PAR EXCELLENCE SALES CONSULTANTS, INC., is a New Jersey corporation with offices in Shrewsbury, New Jersey. PAR EXCELLENCE SALES CONSULTANTS, INC. has sufficient contacts with this forum to subject it to this court's *in personam* jurisdiction.

## JURISDICTION

7. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, in that this matter arises under federal law. In particular, this is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* and trademark infringement under the Lanham Act, 15 U.S.C. §1114 *et seq.* This court also has supplemental jurisdiction over the related state law claims, pursuant to 28 U.S.C. § 1367.

## FACTS

8. Plaintiff, Edgar Berebi, is a world famous artist whose original works of art include jewelry, stemware, pictures frames, and collectible boxes. Edgar Berebi's genuine works are sold at high-end boutiques, jewelry stores, and department stores, such as Bloomingdale's and Marshall Fields, as well as on the Internet by authorized sellers. Genuine Edgar Berebi works are also offered for sale on the eBay internet auction site by authorized vendors.

9. Edgar Berebi's original works are registered with the U.S. Copyright Office and are the subject of more than 3,000 federal copyright registrations.

10. In addition, the name "EDGAR BEREBI" is a federally-registered trademark, and is the subject of three federal trademark registrations, U.S. Patent and Trademark Office Registration Nos. 2,847,363; 2,862,067; 1,503,815. A copy of Certificate of Registration No. 2,862,067, which specifically covers "picture frames", is attached hereto as Exhibit "1".

11. Without plaintiffs' permission and in violation of plaintiffs' rights, defendants are selling and offering for sale items that imitate, copy, and infringe upon plaintiff's original, copyrighted works. Moreover, defendants have used and are using plaintiff Edgar Berebi's name and the "EDGAR BEREBI" trademark to promote their counterfeit goods.

12. The defendants are conducting their unlawful activities through, *inter alia*, an interactive web site, www.ptresor.com, and through the eBay on-line auction and shopping site. On eBay, defendants are offering items for sale using the eBay user identification "ptresor". In addition to selling items on eBay, the defendants are operating a separate "eBay store" known as "Le Petit Tresor" and which is located online at stores.ebay.com/Le-Petit-Tresor. Upon information and belief, defendants also sell directly to individuals and retailers.

13. On their interactive web site, on the eBay auction site, and from their separate "eBay store", defendants promoted all of their picture frames as follows: "Picture Frames are meant to embrace photos of people or places that you treasure. We promise that our frames will be worthy of your pictures. Many are designed in the style of Jay

Strongwater, Edgar Berebi and RJ Graziano. . . . " [See Exhibit "2", attached hereto.]

14. In addition, the defendants have sold and offered for sale particular picture frames that imitate, copy and infringe plaintiff's copyrighted frame designs.

15. For example, defendants' "Topkapi" picture frame imitates, copies, and infringes plaintiff's original frame style 7478. A picture showing the defendants' "Topkapi" frame and plaintiffs' original frame style 7478 is annexed hereto as Exhibit "3". Plaintiffs' original frame style 7478 is registered with the U.S. Copyright Office. Annexed hereto as Exhibit "4" is U.S. Copyright Registration No. VA 1-319-672 for "June 2003 Frame Collection", which includes style 7478. Moreover, defendants advertised their "Topkapi" frame as follows: "This Edgar Berebi style picture frame is made like a hand-crafted fine piece of jewelry. ... " [See Exhibit 3, attached hereto.]

16. Similarly, defendants' "Amber Wreath" picture frame imitates, copies, and infringes plaintiff's original frame style 7198. A picture showing the defendants' "Amber Wreath" frame and plaintiffs' original frame style 7198 is annexed hereto as Exhibit "5". Plaintiffs' original frame style 7198 is registered with the U.S. Copyright Office. Annexed hereto as Exhibit "6" is U.S. Copyright Registration No. VA 1-315-002 for "June 2001 Frames", which includes style 7198.

17. Likewise, defendants' "Golden Drape" picture frame imitates, copies, and infringes plaintiff's original frame style 7440. A

picture showing the defendants' "Golden Drape" frame and plaintiffs' original frame style 7440 is annexed hereto as Exhibit "7". Plaintiffs' original frame style 7440 is registered with the U.S. Copyright Office. Annexed hereto as Exhibit "8" is U.S. Copyright Registration No. VA 1-325-092 for frame style 7440. Defendants advertised their "Golden Drape" frame as follows: "This is by far our number one selling frame and it is in the style of Edgar Berebi. ... " [See Exhibit "7", attached hereto.]

18. Defendants advertised an additional frame, "Elegant Vine", as follows: "This frame in the style of Edgar Berebi is especially beautiful and elegant. ... " [See Exhibit "9", attached hereto.]

19. Defendants neither sought nor obtained permission to use plaintiffs' copyrighted designs, plaintiff Edgar Berebi's name, or the "EDGAR BEREBI" federally-registered trademarks.

20. Indeed, defendants continued their unlawful activities even after plaintiffs demanded that they immediately cease and desist.

COUNT I
(Copyright Infringement)

21. Paragraphs 1 through 20 are incorporated herein.

22. Defendants activities, as described above, constitute copyright infringement in violation of the U.S. Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.

23. As a direct and proximate result of defendants' acts of copyright infringement, plaintiffs have suffered money damages.

24. As a direct and proximate result of defendants' acts of copyright infringement, plaintiffs have suffered and continue to suffer irreparable harm for which there is no adequate remedy at law.

25. Defendants' acts of copyright infringement have been and continue to be deliberate and willful.

**WHEREFORE**, plaintiffs pray for judgment in their favor and against defendants:

- for a preliminary and a permanent injunction prohibiting defendants from infringing plaintiffs' copyrighted works;
- for a preliminary and a permanent injunction prohibiting defendants from making, offering for sale, or selling the infringing works and any other works derived from or substantially similar to the infringing works;
- for a preliminary and a permanent injunction ordering defendants to recall and remove from places of sale the infringing works and any other works derived from or substantially similar to the infringing works;
- for an order impounding the infringing works and any other works derived from or substantially similar to the infringing works;
- for preliminary and a permanent injunction ordering defendants to deliver upon oath the infringing works and any other works derived from or substantially similar to the infringing works;
- for an accounting for all profits earned by defendants on the sale of the infringing works and any other works derived from or substantially similar to the infringing works;
- for an award of actual damages plus the defendants' profits, pursuant to 17 U.S.C. §504(b);
- for an award of statutory damages pursuant to 17 U.S.C. § 504(c);
- in view of the willful and deliberate nature of the copyright infringement, for an award of enhanced statutory damages against the defendants in the amount of $150,000 for each work infringed by the defendants, pursuant to 17 U.S.C. §504(c)(2);
- for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;
- for such other relief as the court deems just.

<u>COUNT II</u>
(Infringement and Counterfeiting of Federally Registered Trademarks in Violation of 15 U.S.C. § 1114 *et seq.*)

26. Paragraphs 1 though 25 are incorporated herein by reference.

27. Defendants' unauthorized use of the "EDGAR BEREBI" trademarks, and their use of counterfeit marks, is likely to cause confusion, mistake, and deception as to the source and origin of defendants' goods and services. Moreover, the public and others are likely to mistakenly believe that defendants' goods and services are provided by; sponsored by; approved by; licensed by; or affiliated with plaintiffs, thereby causing plaintiffs to suffer irreparable harm.

28. Defendants, by the above acts, have willfully and knowingly violated and infringed the rights of plaintiffs and the federally registered "EDGAR BEREBI" trademarks with the intention of deceiving and misleading the public at large and have wrongfully traded on the goodwill and reputation of the plaintiffs.

29. Defendants have caused, and, unless restrained by this court, will continue to cause, serious and irreparable injury and damage to plaintiffs and to the goodwill associated with the "EDGAR BEREBI" trademarks.

30. Defendants' above-described actions are a violation of 15 U.S.C. § 1114 for which plaintiff has no adequate remedy at law.

WHEREFORE, plaintiffs pray for judgment in their favor and against the defendants:

- for a preliminary and a permanent injunction prohibiting defendants, and their agents, servants, and employees, from directly or indirectly using the mark "EDGAR BEREBI", or any similar mark, word, or name that is likely to cause confusion or mistake or to deceive;

- for a preliminary and a permanent injunction ordering that all products, labels, signs, catalogs, prints, packages, stationery, business forms, advertisements, and all other material bearing the mark "EDGAR BEREBI", or any similar mark, word, or name that is likely to cause confusion or mistake or to deceive, and all plates, molds, matrices, and other means of making the same, be delivered up and destroyed;
- for an accounting for all profits earned by the defendants;
- for an award of defendants' profits pursuant to 15 U.S.C. § 1117(a)(1);
- for an award of all damages sustained by plaintiffs pursuant to 15 U.S.C. § 1117(a)(2);
- for an award of treble damages pursuant to 15 U.S.C. § 1117(b);
- for an award of statutory damages pursuant to 15 U.S.C. § 1117(c);
- in view of the willful and deliberate nature of the defendants' use of a counterfeit mark, an award of enhanced statutory damages against the defendants in the amount of $1,000,000 per counterfeit mark used by defendants pursuant to 15 U.S.C. § 1117(c)(2);
- for an award of costs and attorneys' fees pursuant to 15 U.S.C. § 1117(a)(3);
- for such other and further relief as the court deems just.

**COUNT III**
(Federal Trademark Dilution--
15 U.S.C. § 1125(c))

31. Paragraphs 1 through 30 are incorporated herein.

32. The "EDGAR BEREBI" trademarks have become famous, and goods bearing such marks are immediately identified by the purchasing public with plaintiffs.

33. Long after plaintiffs' adoption and use of the trademarks, and long after the trademarks had become famous, defendants have used

and continued to use the "EDGAR BEREBI" marks thereby lessening and diluting the ability of the trademarks to serve as indications of origin.

34. Defendants' actions were done willfully with the intent to exploit Edgar Berebi's reputation and dilute the "EDGAR BEREBI" trademarks.

35. Plaintiffs have been damaged by, and defendants have profited from, the defendant's willful conduct.

36. Plaintiffs have no adequate remedy at law. The conduct of defendants described above, has caused and, if not enjoined by this court, will continue to cause irreparable damage to the rights of plaintiffs in the trademarks, and to the plaintiffs' business, reputation, and goodwill.

WHEREFORE, plaintiffs pray for judgment in their favor and against the defendants:

- for a preliminary and a permanent injunction prohibiting defendants, and their agents, servants, and employees, from directly or indirectly using the mark "EDGAR BEREBI", or any similar mark, word, or name;

- for a preliminary and a permanent injunction ordering that all products, labels, signs, catalogs, prints, packages, stationery, business forms, advertisements, and all other material bearing the mark "EDGAR BEREBI", or any similar mark, word, or name, and all plates, molds, matrices, and other means of making the same, be delivered up and destroyed;

- for an accounting for all profits earned by the defendants;

- for an award of defendants' profits;

- for an award of all damages sustained by plaintiffs;

- for an award of treble damages;

- for an award of costs and attorneys' fees;
- for such other and further relief as the court deems just.

**COUNT IV**
**(False Designation of Origin--**
**Violation of Section 43 of the Lanham Act)**

37. Paragraphs 1 thorough 36 are incorporated herein.

38. Defendants' infringement of plaintiffs' copyrighted designs and federal trademarks, and unauthorized use of Edgar Berebi's name, as above-described, constitutes a false designation of origin and a false description of goods effecting interstate commerce in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

WHEREFORE, plaintiffs pray for judgment in their favor and against the defendants:

- for all remedies available under Section 43 of the Lanham Act, 15 U.S.C. § 1125.
- for a preliminary and a permanent injunction prohibiting defendants, and their agents, servants, and employees, from directly or indirectly using the mark "EDGAR BEREBI", or any similar mark, word, or name;
- for a preliminary and a permanent injunction ordering that all products, labels, signs, catalogs, prints, packages, stationery, business forms, advertisements, and all other material bearing the mark "EDGAR BEREBI", or any similar mark, word, or name, and all plates, molds, matrices, and other means of making the same, be delivered up and destroyed;
- for an accounting for all profits earned by the defendants;
- for an award of defendants' profits;
- for an award of all damages sustained by plaintiffs;
- for an award of treble damages;
- for an award of statutory damages;

- for an award of costs and attorneys' fees;
- for such other and further relief as the court deems just.

COUNT V
(State Trademark Infringement
and Unfair Competition)

39. Paragraphs 1 through 38 are incorporated herein.

40. The "EDGAR BEREBI" trademarks have a secondary meaning indicative of origin, relationship, sponsorship, and/or association with plaintiffs. The purchasing public is likely to attribute to plaintiffs the use by defendants of the infringing marks as a source of origin, authorization and/or sponsorship for the defendants' products and, therefore, to buy the defendants' products in that erroneous belief.

41. Defendant have intentionally appropriated the "EDGAR BEREBI" trademarks with the intent of causing confusion, mistake, and deception as to the source of defendants' goods, and with the intent to palm off her goods as those of plaintiffs, and, as such, defendants have committed trademark infringement and unfair competition under state law.

42. Plaintiffs have no adequate remedy at law and are suffering irreparable harm as a result of the acts of defendants.

WHEREFORE, plaintiffs pray for judgment in their favor and against the defendants:

- for a preliminary and a permanent injunction prohibiting defendants, and their agents, servants, and employees, from directly or indirectly using the mark "EDGAR BEREBI", or any similar mark, word, or name that is likely to cause confusion or mistake or to deceive;

- for a preliminary and a permanent injunction ordering that all products, labels, signs, catalogs, prints, packages, stationery, business forms, advertisements, and all other material bearing the mark "EDGAR BEREBI", or any similar mark, word, or name that is likely to cause confusion or mistake or to deceive, and all plates, molds, matrices, and other means of making the same, be delivered up and destroyed;
- for an accounting for all profits earned by the defendants;
- for an award of defendants' profits;
- for an award of all damages sustained by plaintiffs;
- for an award of punitive damages;
- for an award of costs and attorneys' fees;
- for such other and further relief as the court deems just.

**COUNT VI**
**(Unauthorized Use of Name for Commercial Purposes in Violation of R.I.G.L. § 9-1-28)**

43. Paragraphs 1 through 42 are incorporated herein.

44. Defendants have used plaintiff Edgar Berebi's name for commercial purposes without Edgar Berebi's consent in violation of R.I.G.L. § 9-1-28.

45. As a direct and proximate result of defendants' violations of R.I.G.L. § 9-1-28, plaintiff has been injured.

WHEREFORE, plaintiffs pray for judgment in their favor and against the defendants:

- for all remedies available under R.I.G.L. § 9-1-28;
- for a preliminary and a permanent injunction prohibiting defendants, and their agents, servants, and employees, from directly or indirectly using Edgar Berebi's name for commercial purposes;
- for a preliminary and a permanent injunction ordering that all products, labels, signs, catalogs, prints, packages,

stationery, business forms, advertisements, and all other material bearing Edgar Berebi's name, and all plates, molds, matrices, and other means of making the same, be delivered up and destroyed;

- for an accounting for all profits earned by the defendants;
- for an award of actual damages;
- for an award of treble damages;
- for an award of costs and attorneys' fees;
- for such other and further relief as the court deems just.

**COUNT VII**
**(Violation of Right to Privacy Under R.I.G.L. § 9-1-28.1)**

46. Paragraphs 1 through 45 are incorporated herein.

47. Defendants have appropriated plaintiff Edgar Berebi's name without permission and for their own benefit, in violation R.I.G.L. § 9-1-28.1.

48. As a direct and proximate result of defendants' violations of R.I.G.L. § 9-1-28.1, plaintiff has been injured.

WHEREFORE, plaintiffs pray for judgment in their favor and against the defendants:

- for all remedies available under R.I.G.L. § 9-1-28.1;
- for a preliminary and a permanent injunction prohibiting defendants, and their agents, servants, and employees, from directly or indirectly using Edgar Berebi's name;
- for a preliminary and a permanent injunction ordering that all products, labels, signs, catalogs, prints, packages, stationery, business forms, advertisements, and all other material bearing Edgar Berebi's name, and all plates, molds, matrices, and other means of making the same, be delivered up and destroyed;
- for an accounting for all profits earned by the defendants;

- for an award of compensatory damages;
- for an award of punitive damages;
- for an award of costs and attorneys' fees;
- for such other and further relief as the court deems just.

**COUNT VIII**
**(Misappropriation)**

49. Paragraphs 1 through 48 are incorporated herein.

50. Plaintiffs have invested substantial time, effort, and money in the works described herein.

51. Defendants have appropriated the fruits of plaintiffs' investment at no cost.

52. As a direct and proximate result of defendants' misappropriation, plaintiffs have been injured.

WHEREFORE, plaintiffs pray for judgment in their favor and against the defendants:

- for an award of actual damages;
- for an award of punitive damages;
- for an award of costs and attorneys' fees;
- for such other relief as the court deems just.

**COUNT IX**
**(Dilution Under State Law)**

53. Paragraphs 1 through 52 are incorporated herein.

54. Defendants' infringement upon plaintiffs' original works and trademarks, as described herein, causes a likelihood of injury to plaintiffs' business reputation and a likelihood of dilution of the

distinctive quality of plaintiffs' works and trademarks, in violation of plaintiffs' state common law rights and in violation of R.I.G.L. § 6-2-12.

**WHEREFORE**, plaintiffs pray for judgment in their favor and against the defendants:

- for an award of actual damages;
- for an award of defendants' profits;
- for all remedies available under R.I.G.L. § 6-2-12;
- for an award of punitive damages;
- for an award of costs and attorneys' fees;
- for such other relief as the court deems just.

Plaintiffs,
By Their Attorney,

Michael H. Feldhuhn (#3344)
56 Pine Street
Suite 200
Providence, Rhode Island 02903
Tel. (401) 331-6600
FAX (401) 274-2780

DATED: December 30, 2005

Plaintiff claims a trial by jury on all issues so triable.