UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EDGAR BEREBI a/k/a "EDGAR BERREBBI",
EDGAR BEREBI, INC., and
EDGAR, INC.,
Plaintiffs,

v. C.A. No. 05-542-T

BONNIE LEMIS, individually and doing business as "PETIT TRESOR",
MARC LEMIS, individually and doing business as "PETIT TRESOR", and
PAR EXCELLENCE SALES CONSULTANTS, INC.,
Defendants.

## PLAINTIFFS' MOTION FOR LEAVE TO COMMENCE LIMITED DISCOVERY

Pursuant to F.R.Civ.P. 26 (d), plaintiffs hereby move the court for leave to commence discovery limited to just one question: the identity of the person or entity who supplied the allegedly infringing goods to the defendants.

The grounds for this motion are set forth in the accompanying memorandum.

Plaintiffs,
By Their Attorney,

Michael H. Feldhuhn (#3344)
56 Pine Street
Suite 200
Providence, Rhode Island 02903
Tel. (401) 331-6600
FAX (401) 274-2780

CERTIFICATE OF ATTORNEY

I, Michael H. Feldhuhn, Esq., counsel for plaintiffs, hereby certify that prior to filing this motion, I made a good faith effort to secure the requested information without court action.

Michael H. Feldhuhn (#3344)

CERTIFICATION

On this 26th day of January, 2006, I mailed / hand-delivered a copy of this to:

Dennis R. Gannon, Esquire
MACADAMS & WIECK
101 Dyer Street
Suite 400
Providence, RI 02903

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EDGAR BEREBI a/k/a "EDGAR BERREBBI",
EDGAR BEREBI, INC., and
EDGAR, INC.,
Plaintiffs,

v. C.A. No. 05-542-T

BONNIE LEMIS, individually and doing business as "PETIT TRESOR",
MARC LEMIS, individually and doing business as "PETIT TRESOR", and
PAR EXCELLENCE SALES CONSULTANTS, INC.,
Defendants.

MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR LEAVE TO COMMENCE
LIMITED DISCOVERY

INTRODUCTION

F.R.Civ.P. 26(d) provides that a party may not commence discovery before the parties have had a Rule 26(f) discovery conference, unless such discovery is authorized by order of the court or by agreement of the parties. In this case, plaintiffs move the court for leave to commence discovery limited to just one question: the identity of the person or entity who supplied the allegedly infringing goods to the defendants.

Limited discovery prior to a Rule 26(f) discovery conference is needed because the defendants have indicated that if required to respond to the complaint, they will respond by filing a motion to dismiss for lack of personal jurisdiction and/or to transfer the case to another federal district. The filing of such a motion would have the effect of delaying a Rule 26(f) discovery conference, and thereby delaying the plaintiffs' right to commence discovery, for whatever time it takes for a dismissal/transfer motion to be adjudicated.

For the reasons set out below, good cause exists for allowing plaintiffs to immediately commence the very limited discovery sought herein.

## FACTS

Plaintiffs allege that the defendants sold and offered for sale picture frames that infringe plaintiff's copyrighted picture frame designs. Plaintiffs further allege that in connection with their sale and offering for sale of the allegedly counterfeit frames, defendants used plaintiff Edgar Berebi's name and federal trademarks, all without permission.

Defendants conducted their activities through an interactive internet web site, through the eBay internet auction site, and through an eBay store.

Defendants, two New Jersey residents and a New Jersey corporation, maintain that they are merely innocent re-sellers of the allegedly infringing products that they purchased from someone else. But defendants have thus far refused to identify the person or entity from whom they purchased the infringing goods unless that information is part of an agreement to settle with the defendants. Plaintiffs are unwilling to negotiate for information that is plainly discoverable. And in any event, plaintiffs are unable to formulate a settlement demand at this extremely early stage of the proceedings and without the benefit of any discovery.

## ARGUMENT

### I. If Plaintiffs Can Discover the Source of the Infringing Goods, Plaintiffs Can Take Immediate Steps to Stop The Source's Infringing Activities

While defendants have not provided plaintiffs with the identity of defendants' source, defendants have tipped-off the source that the goods

are allegedly infringing. Plaintiffs need to take immediate action to stop the source from selling or otherwise disposing of infringing goods. To take those steps, and thereby seek to protect their legitimate interests under federal copyright and trademark law, plaintiffs need to know the identify of the source.

## II. If Plaintiffs Can Discover the Source of the Infringing Goods, Plaintiffs Can Amend Their Complaint To Include Additional Necessary Defendants

In view of the defendants claim that they were only the end-sellers of infringing goods that originated somewhere else, it is clear that the defendants' source, and perhaps others, should be added as defendants in this case. The sooner the identity of the defendants' source is known, the sooner plaintiffs can amend their complaint to add the necessary additional defendants.

## III. The Identity of the Source Will Have a Bearing on the Court's Determination of An Anticipated Motion to Dismiss or Transfer

If required to file a response to the complaint, defendants will file a motion seeking dismissal for lack of personal jurisdiction or transfer to another federal district. For many reasons, including the highly interactive nature of the defendants' web site, it seems certain that, under the prevailing standard, the court has personal jurisdiction over the defendants. Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119 (W.D. Penn. 1997) (using sliding scale to determine when web-based activities provide a basis for personal jurisdiction, with "passive" web sites on one end of the scale and "active" sites on the other.) See also McBee v. Delica Co., Ltd., 417 F.3d 107, 124 (1st Cir. 2005)("[t]he mere existence of a website that is visible in a forum and that gives

information about a company and its products is not enough, by itself, to subject a defendant to personal jurisdiction in that forum. Something more is necessary, such as interactive features which allow the successful online ordering of the defendant's products.")

But plaintiffs concede that even though the court has personal jurisdiction, the court could possibly determine that the case should be transferred to another federal district pursuant to 28 U.S.C. § 1404 (a) ("[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought.").

To make that determination, the plaintiffs, and the court, need to know, at a minimum, where the all of the involved parties are located. Brian Jackson & Co. V. Eximias Pharmaceutical Corp., 248 F. Supp.2d 31 (D.R.I. 2003) ("Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.')" quoting Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).

IV. The Defendants' Anticipated Challenge to Personal Jurisdiction and/or Venue Is Not A Reason to Deny Plaintiffs' Motion to Commence Limited Discovery

Plaintiffs anticipate that defendants will argue that until personal jurisdiction and venue are settled, they should be protected from any discovery, even the extraordinarily limited discovery sought here. Such an argument would be misplaced. This is not a case where anyone questions the court's subject matter jurisdiction. The case, which arises under federal trademark law and federal copyright law, is clearly within the

court's subject matter jurisdiction. In cases where only personal jurisdiction is challenged, federal courts permit discovery on issues that bear on the jurisdictional determination. Surpitski v. Hughes-Keenan Corp., 362 F.2d 254 (1st Cir. 1966) (reversing district court's denial of jurisdictional discovery where plaintiff asserted a non-frivolous claim of personal jurisdiction and made a timely request for discovery).

## V. The Limited Discovery Sought Herein Places No Burden on the Defendants

The limited discovery requested herein, while serving the interests of justice and facilitating the fair and speedy determination of this case, imposes no burden on the defendants. The defendants know the identity of their source; no special inquiry or investigation is required of the defendants. And obtaining from the existing defendants the identity of their source is something that can be accomplished through a single interrogatory question or a single deposition question. To the extent the limited discovery does impose a slight burden on the defendants, it is a burden that is entirely self-inflicted: plaintiffs have repeatedly asked the defendants to provide the information voluntarily and through informal means.

## CONCLUSION

For the reasons set forth herein, plaintiffs respectfully request that their motion for leave to commence limited discovery be granted.

Plaintiffs,
By Their Attorney,

Michael H. Feldhuhn (#3344)
56 Pine Street
Suite 200
Providence, Rhode Island 02903
Tel. (401) 331-6600
FAX (401) 274-2780

CERTIFICATION

On this 26th day of January, 2006, I mailed / hand-delivered a copy of this to:

Dennis R. Gannon, Esquire
MACADAMS & WIECK
101 Dyer Street
Suite 400
Providence, RI 02903